IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Guadalupe A. Welsh** | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Fort Bend Independent School District** | § | |
| | § | |
| **Defendant** | § | |

## ORIGINAL COMPLAINT

Plaintiff, Guadalupe A. Welsh, ("Plaintiff"), files this her Original Complaint against Defendant, Fort Bend Independent School District ("Defendant"), seeking all available relief under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§2000e, *et seq.* and the Age Discrimination in Employment Act of 1964 ("ADEA").

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' Title VII claim is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. and Age Discrimination in Employment Act of 1964.

2. Venue in this Court is proper pursuant to 42 U.S.C. Section 2000e-5(f).

## PARTIES

3. Plaintiff, Guadalupe Welsh, is an individual currently residing in this district.

_____
Original Complaint                                                                                          Page 1

4. Defendant, Fort Bend Independent School District ("FBISD" or "Defendant")., is a public school district located at 16431 Lexington Blvd, Sugar Land, Texas 77479. Pursuant to Federal Rule of Civil Procedure 4(d), Plaintiff may be seeking waiver of service by Foster Wheeler. Should a waiver not be obtained, Defendant may be served with process pursuant to Section 17.024(c) of the Texas Civil Practice and Remedies Code, by serving the superintendent of FBISD, Charles E. Dupre, Superintendent, Fort Bend Independent School District, 16431 Lexington Boulevard, Sugar Land, Texas 77479.

## CONDITIONS PRECEDENT TO SUIT

5. All conditions precedent to filing this complaint have been met.

6. Defendant has waived immunity, should immunity be applicable, because Plaintiff has alleged and made a prima facie case of discrimination as outlined below, in violation of Title VII and the ADEA.

7. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age, sex, national origin, and retaliation on January 16, 2015 and has received a Notice of Right to Sue Letter from the EEOC that was mailed on March 13, 2015.

8. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue Letter from the EEOC.

## FACTS

9. FBISD singled Plaintiff out from other teachers, and engaged in a persisting and continuing system of discriminatory practices to create a hostile work environment in

hopes that she would resign. On December 19, 2014, while checking out for the semester, Mrs. Allison Pike, acting through FBISD, made humiliating remarks to Plaintiff about her ability to do her work. Mrs. Pike's remarks were made in front of counselors and administrators and concerned information that Mrs. Pike should not have been privy to.

10. For the Fall semester of 2014, FBISD took action against Plaintiff in an attempt to cause her to fail and lose her job. FBISD consciously failed to provide Plaintiff with the legally required accommodations for on Plaintiff's students. As such, Plaintiff was left unaware of the required accommodations for the student. Plaintiff had previously been reprimanded for allegedly failing to comply with the Dulles High School Policy and Procedures for Implementing Accommodations/modifications for a special education student, which forced her to start another grievance. By failing to inform Plaintiff of the 504 Accommodations, FBISD was hoping to fabricate another reprimand against her.

11. On April 3, 2014, Plaintiff was placed under a Teacher in Need of Assistance Plan ("TINA"), the underlying reasons of which were fabricated by her immediate Associate Principal, Terra Smith, Sarah Laberge, Patricia Crabtree, and Stephanie Norman, in an effort to get Plaintiff to quit.

12. On April 29, 2014, Plaintiff received a Professional Development and Appraisal System, Summative Annual Report ("PDAS"), that stated that Plaintiff had bee placed on a TINA, and FBISD would not remove the disparaging memoranda. The Superintendent of FBISD was given an opportunity to remove the TINA documentation and

correct the PDAS scores but failed to do so in retaliation of Plaintiff engaging in protected activity.

13. On July 9, 2014, Plaintiff requested a letter of recommendation from her principal, Ronnie Edwards. Her request went unanswered, and she was unable to apply for other jobs throughout the district. To this day, neither Mr. Edwards, nor anyone from the district has responded to the request. This is simply another example of Plaintiff being singled out.

14. On September 16, 2014, Plaintiff presented a level 1 grievance requesting that: 1) the growth plan (TINA) be removed from her file based on the TEA standards and no basis for a growth plan; 2) that all memos pertaining to her grievance be removed from her personnel file; and 3) Compliance by school personnel regarding PDAS standards and timelines.

15. These acts described above, were done in retaliation of Plaintiff filing and amending her previous Charge of Discrimination on June 19, 2014. In addition, Plaintiff has been monitored and assessed despite being exempt, and suffered other forms of retaliation and discrimination.

## **COUNT 1 – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

16. All previous paragraphs are incorporated as though fully set forth herein.

17. FBISD discriminated against Plaintiff on the basis of her national origin. Plaintiff is part of a protected class based on her Hispanic national origin. Plaintiff was qualified for the position as she has been a teacher in some capacity since 1972. Plaintiff

received a Bachelor of Arts in Education in 1973 and a Master of Education in Administration and Supervision in 2006.  Plaintiff suffered several adverse employment actions from FBISD and its agents as described above, including being placed on a TINA without need, being subjected to unnecessary monitoring despite her exempt status, being refused letters of recommendation, and being singled out in front of other teachers when Principals and Assistant Principals discussed her case with other employees. Plaintiff was treated differently from other similarly situated employees because of her national origin.

18.    Based on FBISD's discriminatory acts based on Plaintiff's national origin, Plaintiff is entitled to monetary relief, compensatory and punitive damages of up to $300,000.00 per claim.  Plaintiff is also entitled to recover her attorney's fees, expert witness fees, and court costs.

## COUNT 2 – SEX DISCRIMINATION IN VIOLATION OF TITLE VII

19.    All previous paragraphs are incorporated as though fully set forth herein.

20.    FBISD discriminated against Plaintiff on the basis of her sex, female.  Plaintiff is part of a protected class based on her sex.  Plaintiff was qualified for the position as she has been a teacher in some capacity since 1972.  Plaintiff received a Bachelor of Arts in Education in 1973 and a Master of Education in Administration and Supervision in 2006. Plaintiff suffered several adverse employment actions from FBISD and its agents as described above, including being placed on a TINA without need, being subjected to unnecessary monitoring despite her exempt status, being refused letters of recommendation, and being singled out in front of other teachers when Principals and

Assistant Principals discussed her case with other employees. Plaintiff was treated differently from other similarly situated employees because of her sex.

21. Based on FBISD's discriminatory acts based on Plaintiff's sex, Plaintiff is entitled to monetary relief, compensatory and punitive damages of up to $300,000.00 per claim. Plaintiff is also entitled to recover her attorney's fees, expert witness fees, and court costs.

## COUNT 3 – RETALIATION IN VIOLATION OF TITLE VII

22. All previous paragraphs are incorporated as though fully set forth herein.

23. FBISD retaliated against Plaintiff for her engaging in protected activity. Plaintiff engaged in protected activity when she filed her original Charge of Discrimination. Since that time, FBISD has made it a habit of singling out Plaintiff in an effort to make her quit her position with the district. Plaintiff suffered several adverse employment actions from FBISD, and its agents following her amendment to her Charge of Discrimination in June 2014, and her previous pending Charge, including being placed on a TINA without need, being subjected to unnecessary monitoring despite her exempt status, being refused letters of recommendation, and being singled out in front of other teachers when Principals and Assistant Principals discussed her case with other employees. A causal link exists between the protected activity and the adverse employment action, as the acts took place and increased after Plaintiff filed a charge of discrimination and later amended that charge.

24. Based on FBISD's retaliation, Plaintiff is entitled to monetary relief, compensatory and punitive damages of up to $300,000.00 per claim. Plaintiff is also entitled to recover her attorney's fees, expert witness fees, and court costs.

## COUNT 4 – DISCRIMINATION BASED ON AGE IN VIOLATION OF ADEA

25. All previous paragraphs are incorporated as though fully set forth herein.

26. FBISD discriminated against Plaintiff based on her age. Plaintiff is part of a protected class based on her age since she is over 40 and in fact 66. Plaintiff was qualified for the position as she has been a teacher in some capacity since 1972. Plaintiff received a Bachelor of Arts in Education in 1973 and a Master of Education in Administration and Supervision in 2006. Plaintiff suffered several adverse employment actions from FBISD and its agents as described above, including being placed on a TINA without need, being subjected to unnecessary monitoring despite her exempt status, being refused letters of recommendation, and being singled out in front of other teachers when Principals and Assistant Principals discussed her case with other employees. Plaintiff was treated differently from other similarly situated employees suffered from adverse employment actions because of her age.

27. Based on FBISD's discrimination based on Plaintiff's age, Plaintiff is entitled to monetary relief, compensatory, and liquidated damages. Plaintiff is also entitled to recover her attorney's fees, expert witness fees, and court costs.

## PRAYER FOR RELIEF

28. Plaintiffs seek the following relief on behalf of herself and all others similarly situated:

   A. Monetary relief, including back pay

   B. Compensatory damages;

   C. Punitive damages;

   D. Liquidated damages to the fullest extent permitted under the law;

   E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

   F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

29. Plaintiffs demand a trial by jury for all issues of fact.

Respectfully submitted,

By: /s/ *Jeremy D. Saenz*
Jeremy D. Saenz
Attorney-In-Charge
jsaenz@wsdllp.com
State Bar No. 24033028
Federal Bar No. 36212
1010 Lamar, Suite 425
Houston, Texas 77002
Telephone:   (713) 554-8450
Facsimile:   (713) 554-8451

_____

OF COUNSEL:

**WAGNER SÁENZ DORITY, L.L.P.**
1010 Lamar Street
Suite 425
Houston, Texas 77002
Telephone:	(713) 554-8450
Facsimile:	(713) 554-8451

ATTORNEYS FOR PLAINTIFF

_____
Original Complaint																							Page 9