United States District Court
Southern District of Texas
**ENTERED**
March 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE A. WELSH, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1275 |
| FORT BEND ISD SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

## ORDER

Plaintiff Guadalupe Welsh has filed a Motion for Reconsideration and for a New Trial ("Motion"). (Doc. No. 51.) Plaintiff argues that the Court's order granting Defendant summary judgment on all Plaintiff's claims was manifest error. (Doc. No. 48.) The Court reaffirms its previous finding that, under these circumstances, placement on a Teacher in Need of Assistance plan does not qualify as an adverse employment action. *See Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570 (5th Cir. 2003) ("[A] decision made by an employer that only limits an employee's opportunities for promotion or lateral transfer does not qualify as an adverse employment action under Title VII."); *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997) (refusing to find "adverse employment actions" to include "events such as disciplinary filings, supervisor's reprimands, and . . . poor performance by the employee"), *abrogated in part on other grounds Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 855 (S.D. Tex. Jan. 14, 2010) (collecting cases finding that the following do not constitute an adverse employment action: "documented reprimands, though potentially affecting future employment decisions," "negative performance evaluations, even if they were not deserved," and "disciplinary write-ups").

Plaintiff's Motion is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12th day of March, 2019.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE